Filed 9/25/13  P. v. Mourning CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063241 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD241345) |
| JEFFEREY MOURNING, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed.

Lewis A. Wenzell, under appointment of the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In July 2012 Jefferey Mourning pled guilty to commercial burglary.  He was sentenced to the low term of 16 months to be served in the custody of the sheriff pursuant to Penal Code[1] section 1170, subdivision (h).

---

1    All further statutory references are to the Penal Code.

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) raising possible, but not arguable, issues. We offered Mourning the opportunity to file his own brief on appeal, but he has not responded.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2012 Mourning was charged with one count of commercial burglary. In July 2012 Mourning pled guilty to the charge under a bargain limiting his sentence to no more than two years in local custody. Mourning was thereafter sentenced to the low term of 16 months to be served in the custody of the sheriff. Mourning was ordered to serve four months in local custody and the remaining 12 months under mandatory supervision of the probation department pursuant to section 1170, subdivision (h)(5)(B).

On November 20, 2012, Mourning's mandatory supervision was revoked after he admitted a nonreporting violation. He was ordered to serve out the remainder of his sentence which consisted of 280 days. With respect to the 280 days left to serve, Mourning was entitled, under section 4019, subdivision (f), to day-for-day credit, leaving 140 actual days to serve.

On December 12, 2012, Mourning filed a notice of appeal. On December 14, 2012, he filed an amended notice of appeal in propria persona, which also requested that the superior court issue a certificate of probable cause. In the request for certificate of probable cause Mourning argued that his counsel ineffectively represented him at the revocation hearing. He argued his nonreporting was excused because of his memory problems caused by shock treatments he received and strong medications he was taking

2

for his seizures.  On January 2, 2013, the superior court denied the request for certificate of probable cause.

Appellate counsel discovered that the sheriff had calculated his release date to be May 27, 2013, based upon application of one day of credit for each two days served, which was the credit amount under prior law.  Counsel communicated with the trial court concerning this issue and the court issued an amended sentencing order.  Mourning's release date was recalculated as April 9, 2013.

On April 9, 2013, Mourning was released from custody without conditions as his sentence, under section 1170, subdivision (h), was deemed to have been fully served.

DISCUSSION

As we have previously noted, appellate counsel has filed a brief indicating he is unable to identify any argument for reversal and asks this court to review the record for error as mandated by *Wende*, *supra*, 25 Cal.3d 436.  Pursuant to *Anders*, *supra*, 386 U.S. 738, the brief identifies the following possible, but not arguable issues:

1.  Whether a claim of ineffective assistance of counsel at a probation violation hearing is cognizable on appeal when a defendant admits the violation of probation, and

2.  Whether Mourning's appeal is moot.

We have reviewed the entire record in accordance with *Wende, supra*, 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738, including the possible issues raised by

3

appellate counsel, and have not found any reasonably arguable appellate issues. Competent counsel has represented Mourning on appeal.

## DISPOSITION

The judgment is affirmed.

NARES, J.

WE CONCUR:

BENKE, Acting P, J.

McDONALD, J.